IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GORDON ANDREWS, )<br>)<br>**Plaintiff,** )<br>) **CIVIL ACTION**<br>v. )<br>) No. 13-1409-JWL<br>CAROLYN W. COLVIN, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223(d), 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's decision, the court ORDERS that the decision below be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.      Background**

Plaintiff applied for SSD and SSI benefits, alleging disability beginning December 31, 2009. (R. 9, 155, 162). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges the Administrative Law Judge (ALJ) erred in evaluating the severity of his impairment at step two of the Commissioner's five-step sequential evaluation process. He also alleges the ALJ erred in his credibility determination because he used Plaintiff's failure to pursue treatment as a basis to find

1

that he is not credible but failed to consider whether his lack of insurance and his financial status would justify the failure.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step

is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App.1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functionary capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates step four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on the Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to properly evaluate whether Plaintiff was justified in failing to seek or to follow prescribed treatment when determining his credibility. Therefore, the court need not consider whether the ALJ properly evaluated the severity of the impairment at step two of the sequential evaluation process.

**II.    The ALJ's Credibility Determination**

Plaintiff claims that although the ALJ considered Plaintiff's lack of treatment since October 2010, the ALJ's credibility determination relied excessively on Plaintiff's failure to take his medications as prescribed. (Pl. Br. 14). He also argues that the ALJ's credibility analysis failed to account for Plaintiff's inability to be around other people by relying on the sole fact that he lived with a girlfriend and that he engaged in a normal level of daily activity without recognizing the minimal level of activities performed. (Pl. Br. 16). The Commissioner argues that the ALJ's credibility determination is supported by the record evidence and that the Plaintiff's lack of treatment was the primary reason he was not credible. (Comm'r Br. 9).

Plaintiff argues that the law requires an ALJ to determine whether a claimant's inability to pay for medical treatment may justify his failure to pursue treatment or to follow prescribed treatment. (Pl. Br. 15) (citing (among others) Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993)). He then points to his testimony at the hearing that he has no health insurance or medical card that allows him to see doctors and that he did not take prescribed medication because he could not afford it. (R. 33, 38). He argues that the ALJ should have determined whether Plaintiff's actions were justified before he used the lack of medical treatment to support a finding that he was not credible. The Commissioner argues that a lack of consistent medical care is a relevant and appropriate factor to consider. (Comm'r Br. 7). She then argues that the regulatory scheme recommended by Plaintiff is inapplicable in this case because the ALJ considered the Plaintiff's inability to seek treatment or take medication in the context of credibility, not whether to deny an individual benefits based on disability. Id.

As Plaintiff's brief suggests, "before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he should consider '(1) whether the treatment at issue would restore claimant's ability to work; (2) whether

4

the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.' Thompson, 987 F.2d at 1490 (quoting Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987)) (hereinafter, the Frey test). The Frey test is applicable both where an ALJ is denying benefits, and where an ALJ is evaluating the credibility of the claimant's allegations. Goodwin v. Barnhart, 195 F.Supp. 2d 1293, 1295 (D. Kan. 2002) (citing Thompson, 987 F.2d at 1490; and Ragland v. Shalala, 992 F.2d 1056, 1059-60 (10th Cir. 1993)). But, the Tenth Circuit has held that the Frey test is not required in situations where treatment has not been prescribed or recommended, but where the ALJ is simply considering "what attempts plaintiff made to relieve [his symptoms] … in an effort to evaluate the veracity of plaintiff's contention that [his symptoms were] so severe as to be disabling." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000) (citing Hargis v. Sullivan, 945 F.2d 1482. 1489 (10th Cir. 1991); Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987)); see also Allen v. Apfel, No. 99-3249, 2000 WL 796081 (10th Cir. June 21, 2000); Billups v. Barnhart, 322 F.Supp. 2d 1220, 1226 (D.Kan. 2004). Therefore, the court must first determine what the ALJ was considering in this case.

      The ALJ mentioned Plaintiff's failure to pursue or follow prescribed treatment in explaining his finding that Plaintiff's allegations of symptoms are not credible: "The claimant's failure to seek consistent medical treatment and take medications as prescribed demonstrates a possible unwillingness to do what is necessary to improve his condition. It may also be an indication that his symptoms were not as severe as he purported." (R. 13). This statement, considered by itself, appears to confirm that the ALJ, as the ALJ in Qualls, was merely noting that Plaintiff had made very few attempts to relieve his symptoms, suggesting that the symptoms were not as severe as alleged.

The ALJ also noted, "[Plaintiff] admitted that his medications helped, but he alleged he did not have the money to purchase them. However, there is no evidence the claimant sought low cost or no cost medical care as necessary." Id. The ALJ was concerned whether the refusal to seek consistent medical treatment and taking medication as prescribed might be justified by an inability to afford the treatment, but determined it was not justified because there is no record evidence Plaintiff attempted to obtain low cost or no cost treatment alternatives. This explanation makes it even clearer that the ALJ is holding the fact that the Plaintiff refused to follow prescribed treatment against the Plaintiff without attempting to further develop the record in this area. Before the ALJ may rely on this failure as support for his determination of noncredibility, the court has determined that the Frey test must be applied. Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993).

The ALJ's attempt to consider whether the refusal was justified misconstrues the burden of proof and the duty of the ALJ to develop the record in a Social Security case. To be sure the burden is on Plaintiff to present his abilities and limitations and thereby to prove that he is unable to perform his past relevant work. However, he is not required to present evidence discounting every alternative or eventuality upon which an ALJ might rely to discount his testimony, Rather, "because a social security disability hearing is a nonadversarial proceeding, the ALJ is responsible in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raise." Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006); see also, 20 C.F. R. § 404.944 (requiring the ALJ to "look fully into the issues"). The ALJ's "duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own versions of the facts." Cowan v. Astrue, 552, F.3d 1182, 1187 (10th Cir. 2008). As Plaintiff points out in his brief, he testified that he was unable to afford the

6

treatment prescribed. (Pl. Br. 16) (citing R. 33-34, 38). However, the ALJ did not question Plaintiff with regard to this issue, and did not ask Plaintiff if he had attempted to seek low-cost or no-cost alternatives to the treatment prescribed. Therefore, to the extent that information is missing from the record, it is more a result of the ALJ's failure to develop the record rather than Plaintiffs failure to meet his burden of proof.

A significant portion of the ALJ's use of Plaintiff's failure or refusal to follow treatment casts Plaintiff's actions as a refusal to follow prescribed treatment rather than just a failure to seek relief from his allegedly disabling symptoms. To that extent, the ALJ was required by Tenth Circuit law to apply the four-part test from <u>Frey</u> and <u>Thompson</u> before he may use Plaintiff's refusal to follow prescribed treatment to support his finding of incredibility. Remand is necessary for the ALJ to apply the test properly or to decline to use Plaintiff's failure or refusal in his credibility finding.

The court will not attempt to determine whether the ALJ's credibility finding would be supported by substantial evidence if Plaintiff's failure or refusal to follow prescribed treatment were disregarded, because in these circumstances the <u>Frey</u> test constitutes an applicable legal standard which the ALJ failed to apply correctly. That failure alone is error requiring remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING for further proceedings consistent with this opinion.

Dated this 16th day of January 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum
United States District Judge**